## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVAN J. SCHOEN,

      Plaintiff,

v.                                 No. Civ. 08-0687 JB/WDS

PRESBYTERIAN HEALTH PLAN, INC.,

      Defendant.

*consolidated with*

STEVAN J. SCHOEN,

      Plaintiff,

v.                                 No. Civ. 08-0970 JB/WDS

PRESBYTERIAN HEALTH PLAN, INC.,

      Defendant

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Presbyterian Health Plan, Inc.'s Motion to Reconsider, filed March 13, 2009 (Doc. 22 in Case No. CIV 08-0687 JB/WDS).  The primary issue is whether the federal Court has jurisdiction to rule on Defendant Presbyterian Health Plan, Inc.'s motion for reconsideration.  Because the Court has remanded appellate jurisdiction over Plaintiff Stevan J. Schoen's appeal from a state administrative agency's quasi-judicial, binding rulings to state court for lack of subject-matter jurisdiction, the Court will deny the motion to reconsider the remand order for lack of jurisdiction.

Although neither party mentioned jurisdiction in their briefing, the Court must always independently determine and, if necessary, research the issue in each case.  In another case in which this Court remanded to state court part of a consolidated case, but maintained jurisdiction over other

claims, the Court noted that,

> while the United States Court of Appeals for the Tenth Circuit has not yet ruled on whether 28 U.S .C. § 1447 forecloses a district court's reconsideration of its own remand order, other courts have ruled that it does.  The United States Court of Appeals for the Eleventh Circuit has concluded that § 1447(d)'s provision of "nonreviewability extends to the power of a district court to reconsider its own remand order." First Union Nat'l Bank v. Hall, 123 F.3d 1374, 1377 (11th Cir.1997) (citations omitted).  The United States Court of Appeals for the Fourth Circuit remarked that "[i]ndisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court." In re Lowe, 102 F.3d 731, 734 (4th Cir.1996) (citations omitted). See also Three J Farms v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir.1979) ("Unquestionably, [§ 1447(d) ] not only forecloses appellate review, but also bars reconsideration of such an order by the district court.").  Similarly, the United States Court of Appeals for the First Circuit has ruled that

>> there is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise."  The district court has one shot, right or wrong.

> In re La Providencia Dev. Corp., 406 F.2d 251, 252-53 (1st Cir. 1969).  The First Circuit also explained the rationale behind this strict rule of nonreviewability:

>> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most.  This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.  The action must not ricochet back and forth depending upon the most recent determination of a federal court.

> Id. at 252.  Finally, two Districts in the Tenth Circuit -- the Districts of Kansas and Colorado -- have also found that they cannot review their own remand orders. See Maggio Enters. v. Hartford Cas. Ins. Co., 132 F. Supp. 2d 930, 931 (D. Colo. 2001)("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand.")(citations omitted); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 67 F. Supp. 2d 1242, 1245 (D. Kan. 1999)("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review.")(citations omitted).

> Because . . . it appears that the Court is foreclosed from reconsidering its remand determination, the Court will not reconsider its ruling removing Chaara II and

remanding <u>Chaara I</u>.

<u>Chaara v. Intel Corp.</u>, No. CIV-05-278 JB/RLP, 2006 WL 4060670, \*5-\*6 (D.N.M. Nov. 21, 2006)(Browning, J.).  Thus, this Court held that it did not have jurisdiction to reconsider a ruling remanding a case to state court.  <u>See id.</u> at \*6.  <u>See also</u> <u>Dalrymple v. Grand River Dam Auth.</u>, 145 F.3d 1180, 1184 (10th Cir. 1998)(holding that a remand "order is rendered nonreviewable under § 1447(d) . . . even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith").  <u>Cf.</u> <u>In Re Bear River Drainage Dist.</u>, 267 F.2d 849, 851-52 (10th Cir. 1959)(noting that "[a] remand order is not subject to review either directly or indirectly," and holding that, "[a]s the remand left the district court without jurisdiction, an appeal to the court of appeals is a futile thing. . . . In the circumstances there is nothing properly before us for review").  Cases that have been published since the Court issued its opinion in <u>Chaara v. Intel Corp.</u>, No. CIV-05-278 JB/RLP, have consistently agreed with the Court's analysis.  <u>See, e.g.</u>, <u>Scherer v. Merck & Co., Inc.</u>, No. 06-3295, 41 Fed. Appx. 482, 484, 2007 WL 1969680, \*\*1-\*\*2 (10th Cir. July 9, 2007)(noting that the Kansas district court held that "it did not have jurisdiction to review its own remand order" and dismissing the appeal because the Court of Appeals lacked jurisdiction to review the remand order); <u>Vandeventer ex rel. Estates of Vandeventer v. Guimond</u>, No. 07-4018-JAR, 2007 WL 2572427, \*1 (D. Kan. Sept. 05, 2007)(stating that "precedent in this district is that the remanding court lacks jurisdiction to decide motions, such as a motion to stay the remand, filed after the case has been remanded back to state court" and citing <u>Chaara v. Intel Corp</u>. as support for continuing that precedent).  The Court concludes that, under § 1447(d), it does not have authority to reconsider its decision to remand for lack of subject-matter jurisdiction, and that jurisdiction over the appeal lies in state court.

Presbyterian argues that the Court's remand order was not final and that the Court may

reconsider it with no limitations, but the Court has found no case supporting that view.  Presbyterian cites three cases for its blanket proposition that, "for purposes of appeal at least, a decision on a motion to remand is not a final order," Doc. 29 at 3: <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 74 (1996); <u>Aaron v. Nat'l Union Fire Ins. Co.</u>, 876 F.2d 1157, 1160 (5th Cir. 1989); and <u>Aberle Hosiery Co. v. Am. Arbitration Ass'n</u>, 461 F.2d 1005, 1006 (3rd Cir. 1972).  The Court in <u>Caterpillar, Inc. v. Lewis</u>, however, stated: "An order <u>denying</u> a motion to remand, standing alone, is obviously . . . not final and immediately appealable as of right."  519 U.S. at 74 (internal quotation marks, and brackets omitted)(emphasis added).  Similarly, the court in <u>Aaron v. Nat'l Union Fire Ins. Co.</u> stated: "A district court's <u>denial</u> of a motion to remand is not a final order, and it therefore is not reviewable on appeal."  876 F.2d at 1160 (emphasis added).   In <u>Aberle Hosiery Co. v. Am. Arbitration Ass'n</u>, the district court also had <u>denied</u> the motion to remand to state court and stated that it would hold "an evidentiary hearing . . . as to whether a genuine issue exists as to the making of the arbitration agreement."  461 F.2d at 1006.  The appellate court thus found that the order denying the motion to remand was interlocutory, and it dismissed the appeal.  <u>See</u> <u>id.</u>  That orders <u>denying</u> motions to remand are not final, appealable orders is a principle not at issue here, because when a federal court <u>denies</u> a motion to remand, it retains jurisdiction over the case and the proceedings continue in federal court, as they did in <u>Aberle Hosiery Co. v. Am. Arbitration Ass'n</u>.

The <u>granting</u> of a motion to remand, however, puts the parties in the opposite procedural posture.  Remand removes jurisdiction from the federal court and returns it to the state court, and the federal proceedings on the remanded issue come to a permanent halt, except for cases removed under 28 U.S.C. § 1443.  <u>See</u> § 1447(d).[1]

---

[1]  Because the Court lacks jurisdiction to decide the motion to reconsider, the Court must decline to address the merits of Presbyterian's motion.  It is not clear, however, that the Court's

ruling on waiver has placed Presbyterian "between a rock and a hard place," because it had "little or no real choice" to litigate the matter in the Department of Insurance's quasi-judicial state administrative tribunal after Presbyterian sent Schoen the "form to use for DOI external review if he was dissatisfied with Presbyterian's decision" and could not remove the case to federal court. Doc. 22 at 2-3. Presbyterian cites a single district-court case, Gottlieb v. Lincoln Nat'l. Life Ins. Co., 388 F. Supp. 2d 574 (D. Md. 2005), for its proposition that "[o]nly actions pending in state *court* can be removed." Doc. 22 at 3 (italics in original). But Gottlieb v. Lincoln Nat'l. Life Ins. Co. acknowledged a circuit split in resolving whether a proceeding may be removed to federal court from an administrative agency proceeding, and applied "the functional test" to find "that even though [the administrative agency] utilizes many court-like procedures, it lacks traditional judicial powers and therefore is not the functional equivalent of a court" such that the proceeding could not be removed. Id. at 580.

Applying this "functional test," the United States Courts of Appeals for the First and Seventh Circuits have held that a defendant may remove a quasi-judicial proceeding from a state administrative agency to federal court under 28 U.S.C. § 1441. See Floeter v. C. W. Transport, Inc., 597 F.2d 1100, 1102 (7th Cir. 1979); Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38, 44 (1st Cir. 1972). Other Circuits have approved the analysis to determine whether removal is proper. Cf. Walthill v Iowa Electric Light & Power Co., 228 F.2d 647 (8th Cir. 1956)(holding that the proceedings before a state's "condemnation court" were not an action before a judicial tribunal because it was no more than "just another board of appraisers" and the proceedings were administrative in nature); Kolibash v. Committee on Legal Ethics, 872 F.2d 571, 576 (4th Cir. 1989)(applying the "functional test" to a removal under 28 U.S.C. § 1442 and holding that a United States Attorney could remove a state bar disciplinary proceeding to federal court because the proceeding was "adjudicatory in nature," and because the Committee "conduct[ed] itself as a court" in holding evidentiary hearings and taking testimony in an adversary proceeding).

The Supreme Court of the United States first discussed and applied the functional test to determine whether a state judicial body qualifies as a "state court" under § 1441 in removal cases in Upshur County v. Rich, 135 U.S. 467 (1890). The removal issue in that case was whether an appeal from a tax assessment was a removable "suit." 135 U.S. at 470. In determining that the assessment proceeding was only "a matter of administration," even though the state called the ruling body a "court," the Supreme Court employed the functional test, noting that the "so-called" court "ha[d] no judicial powers, except in matters of probate. In all other matters it is an administrative board." Id. at 471.

Later, in Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U.S. 239 (1905), the Supreme Court again examined the functions of a state judicial proceeding, affirming the removal because "the court, although charged with some duties of an administrative character, is a judicial tribunal and a court of record." Id. at 250-51. The Supreme Court noted that a state cannot "destroy the right of removal" by changing the details of procedure: "Whenever a right is given by the laws of a State and the courts of such state are invested with the power of enforcing such right, the proceeding may be removed to a Federal court if the other requisites of removability exist." Id. at 250. Arguably, this principle would also apply when a state invests its administrative agencies with the power of enforcing rights through quasi-judicial proceedings. Similarly, in Commissioners of Road Improvement District No. 2 v. St. Louis Southwestern Railway Co., 257 U.S. 547 (1922), the

**IT IS ORDERED** that Presbyterian's Motion to Reconsider (Doc. 22) is denied for lack of federal court jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Stevan J. Schoen
Placitas, New Mexico

        *Pro Se Plaintiff*

_____

Court again analyzed whether a case was properly removed by looking at the functional test: "When we find, however, that the proceeding before [an entity that acts both as an administrative body or as a court] has all the elements of a judicial controversy, to wit, adversary parties and an issue in which the claim of one of the parties against the other capable of pecuniary estimation, is stated and answered in some form of pleading, and is to be determined, we must conclude that this constitutional court is functioning as [a court from which a case could be removed to federal court]." Id. at 557.  Thus, the Supreme Court has suggested that the title that a state tribunal has been given is not determinative whether it is a "state court" from which a proceeding may be removed, but rather, the federal court must "evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum."  Floeter v. C. W. Transport, Inc., 597 F.2d at 1102.

        On the other hand, the United States Court of Appeals for the Ninth Circuit has adopted the view that a party may never remove quasi-judicial proceedings from a state administrative agency tribunal to a federal court.  See Or. Bureau of Labor & Indus. ex rel. Richardson v. U.S. West Communications, Inc., 288 F.3d 414, 419 (9th Cir. 2002)(adopting a strict, plain language construction of § 1441 and concluding that the statute "does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be").  Cf. Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1261-66 (3d Cir. 1994)(calling the "functional test" into question, but applying that test to hold that, for purposes of removal under § 1441, the "Pennsylvania Board of Vehicles would not qualify as a court because its lack of judicial attributes" and that the proceeding could not be removed to federal court).

Aaron C. Viets
Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Presbyterian Health Plan, Inc.*